1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN D. CHAKER,                        No.  2:20-cv-1248-TLN-KJN PS

12                   Plaintiff,                 ORDER TRANSFERRING CASE

13         v.                                   (ECF No. 13.)

14    XAVIER BECERRA, et al.,

15                   Defendants.

16

17         Plaintiff Darren Chaker, who is proceeding without counsel in this action, alleges a single

18    cause of action against the California Attorney General and Michael Roddy under 42 U.S.C.

19    Section 1983.[1]  (ECF No. 1.)  Plaintiff alleges defendants, relying on a California state law,

20    prohibited him from posting on the internet the home address and telephone number of a San

21    Diego Superior Court Judge.  Currently before the court is defendant Roddy's motion to transfer

22    venue (ECF No. 13), as well as defendants' motions to dismiss (ECF Nos. 10, 15) and Chaker's

23    motion to appoint counsel (ECF No. 21).  The court now GRANTS Roddy's motion to transfer,

24    and transfers this case to the Southern District of California.

25    ───────────────

26    [1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21).  Because an order
      transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a
27    non-dispositive matter that is within the province of a magistrate judge's authority.  See Pavao v.
      Unifund CCR Partners, 934 F.Supp.2d 1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases and
28    citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72).

                                                  1

1  Background[2]

2    In June of 2015, plaintiff was involved in a litigation proceeding in San Diego Superior

3  Court overseen by Superior Court Judge Timothy Taylor.  Plaintiff moved to seal certain records

4  in that case, but Judge Taylor denied the motion.  Following Judge Taylor's denial, plaintiff

5  conducted research which led to his discovery of a California statute prohibiting the publication

6  of certain information online.  In November of 2015, plaintiff received unredacted copies of

7  Judge Taylor's Statements of Economic Interests ("Form 700"), which showed the judge's home

8  address and telephone number.  Thereafter, plaintiff created a webpage intending to publish the

9  unredacted information he received regarding Judge Taylor and various other San Diego Superior

10  Court officers (whose Form 700s he also obtained).

11    On January 22, 2016 plaintiff wrote to defendant Roddy (the San Diego Superior Court

12  Clerk), expressing his intent to publish on his webpage Judge Taylor's unredacted Form 700.

13  Roddy responded by letter, demanding under Cal. Gov. Code Section 6254.21(c)(1)(A) that

14  plaintiff refrain from publishing the judge's address and phone number.  Roddy stated plaintiff

15  could comply with subsection (c) "by simply masking such information . . . before posting the

16  forms on line."  Plaintiff asserts that he feared "being jailed for speech," and was "clearly

17  placed…in fear of prosecution," and so refrained from publishing.  Plaintiff sent two more

18  requests for permission to publish the unredacted forms, but Roddy's response remained the

19  same.

20    On June 22, 2020, plaintiff filed the instant complaint for declaratory and injunctive relief.

21  Thereafter, defendant Attorney General filed a motion to dismiss, and defendant Roddy filed a

22  motion to dismiss and motion to transfer venue.  Plaintiff responded with a renewed motion to

23  appoint counsel.

24  ///

25
26  [2] The facts herein are from the complaint (ECF No. 1), which are construed in the light most favorable to plaintiff (the non-moving party).  Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, though the court repeats some of plaintiff's conclusory statements
27  from the complaint, these assertions are ultimately not relied upon.  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (In deciding a Rule 12 motion, the court need not rely on "legal
28  conclusions merely because they are cast in the form of factual allegations.").

<u>Legal Standard</u>

Title 28 U.S.C. Section 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  This statute partially displaces the common law doctrine of forum non conveniens.  <u>See</u> <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  <u>Stewart Organization, Inc. v. RICOH Corp.</u>, 487 U.S. 22, 29 (1988).

In order to transfer a case under Section 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  <u>Decker</u>, 805 F.2d at 843.  In deciding whether to transfer under Section 1404, courts may consider:  (1) the location where the relevant events took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims.  <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000); <u>Hawkins v. Gerber Prods. Co.</u>, 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); <u>Barnes & Noble, Inc. v. LSI Corp.</u>, 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); <u>Metz v. United States Life Ins. Co.</u>, 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

<u>Analysis</u>

The court first examines subject matter jurisdiction and venue to determine whether this case could have been brought in the Southern District of California.  28 U.S.C. § 1404(a).

1    Subject matter jurisdiction would be proper in the Southern District for the same reasons as exist

2    in this district.  Plaintiff lists a single claim alleging a First Amendment violation under 42 U.S.C.

3    § 1983 and so federal question jurisdiction lies.  28 U.S.C. § 1331.  As to the propriety of venue

4    in the Southern District, the question is whether "a substantial part of the events or omissions

5    giving rise to the claim occurred in that district."  See Myers v. Bennett Law Offices, 238 F.3d

6    1068, 1075 (9th Cir. 2001).  As alleged, it is clear that all of the events surrounding plaintiff's

7    claims took place within San Diego County, located in the Southern District.  (ECF No. 1.)

8         Because the Southern District could exercise jurisdiction and venue is proper there, the

9    court now turns to an analysis of whether transfer to the Southern District is appropriate under

10   28 U.S.C. Section 1404(a).

11                     A. Factors that favor transfer.

12        An examination of the pleadings indicates a majority of the factors favor transfer to the

13   Southern District.  This includes: (1) the location of the events in question; (4) the parties'

14   contacts with the Southern District; (5) the Southern District's contacts with Chaker's claim; (7)

15   the location of any non-party witnesses; (8) the Southern District's ease of access to sources of

16   proof; (11) the convenience of the parties; (12) convenience of the witnesses; (13) and the local

17   interest in the controversy.

18        After obtaining the Form 700 documents, plaintiff contacted defendant Roddy multiple

19   times asking for permission to post an unredacted version of Judge Taylor's (and other judicial

20   officers of the San Diego Superior Court) Form 700; Roddy consistently cited Cal. Gov. Code

21   Section 6254.21(c) in demanding the redactions.  (See ECF Nos. 1, 13.)  Plaintiff alleges

22   defendant Roddy's responses placed him in a fear of prosecution, and so he refrained from

23   distributing the documents fearing "being jailed for speech."  (ECF No. 1 at 12.)

24        Accepting the facts as true for purposes of defendants' motion, it is clear that all of the

25   relevant communications and events surrounding plaintiff's claims took place in the Southern

26   District, as defendant Roddy is the San Diego Superior Court Clerk and all letters were sent and

27   received within San Diego County.  (See ECF No. 1.)  Both plaintiff himself and defendant

28   Roddy are located in San Diego County.  (ECF No. 1 at 2-3.)  The only party with remote

                                                    4

connection to the Eastern Distrcit is defendant the California Attorney General, who is sued in his official capacity and has an office located within the Eastern district; however, the Attorney General also maintains a San Diego office.  See Boeing Co. v. Movassaghi, 2010 WL 2557582, at *2 (E.D. Cal. Jun. 21, 2010) (transferring venue in part because the only relationship the suit bore to the Eastern District was the defendant's office in Sacramento but, the defendant also had an office in the transferee district).  Additionally, it appears that any potential witnesses—Judge Taylor, other persons who participated in the underlying lawsuit, and the other judicial officials whose personal information is sought to be published—appear to reside in the Southern District. (See ECF No. 13 at 8.)  See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ("The convenience of non-party witnesses is a more important factor than the convenience of party witnesses.").

Further, while it is likely that most of the documentary evidence is in electronic form which can easily be "transported" and printed without great difficulty; however, any physical records would likely be maintained within the San Diego Superior Court or within plaintiff's residence located in San Diego County.  See Roe v. Intellicorp Records, Inc., 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (documents pertaining to defendants' business practices are most likely to be found at their principal place of business); see also Critters of the Cinema, Inc. v. Nestle Purina Petcare Co., 2016 WL 2990619, at *7 (E.D. Cal. May 24, 2016).  Finally, as plaintiff seeks to publish information regarding various judicial officials within the San Diego Superior Court, the Southern District has a significant local interest.  See Boeing Co., 2010 WL 2557582, at *3 ("There is a localized interest in having localized controversies decided at home.") (citations omitted).

Simply, there appears to be no evidentiary connection to the Eastern District.  Therefore, the most convenient forum for all witnesses and parties is the Southern District.  Thus, factors (1), (4), (5), (7), (8), (11), (12), and (13) weigh in favor of transfer.

### B. Factors that support denial of transfer.

The only factor that supports denial of transfer appears to be the third: plaintiff's choice of forum.  Generally, a plaintiff's choice of forum is given substantial weight.  See Lou v. Belzberg,

834 F.2d 730, 739 (9th Cir. 1987).  However, other considerations may lessen the weight to be given a plaintiff's choice.  See Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013).  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration."  Lou, 834 F.2d at 739; Park, 964 F.Supp.2d at 1094; see also Critters, 2016 WL 2990619, at *5 (giving less weight to plaintiff's chosen forum if plaintiff does not reside there).

Here, all of the events alleged in connection with plaintiff's claims took place in San Diego, and neither plaintiff nor defendant Roddy reside in the Eastern District.  (ECF No. 1.)  As this is a purely local San Diego controversy, the Eastern District has little to no interest in either the parties or subject matter.  Therefore, because it is clear there is very little connecting this case to the Eastern District, this factor is substantially diminished.  See Park, 964 F.Supp.2d at 1094; Critters, 2016 WL 2990619, at *5-6; see also Williams v. Bowman, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001).

### C. Factors having no bearing on transfer.

The remaining factors—(2), (6), (9), (10), (14), and (15)—are neutral.  Both districts are located in California and heavily congested[3], so all state-oriented factors are neutral.  In addition, neither party has mentioned any consolidation issues.

### Conclusion

Defendants have made their "strong showing" in favor of transfer.  Decker, 805 F.2d at 843.  Factors (1), (4), (5), (7), (8), (11), (12), and (13) weigh in favor of transfer.  The court is acutely aware of plaintiff's pro se status and choice of forum.  However, without more tying his cause of action to the Eastern District, the undersigned cannot say that the administration of justice requires the case remain here.  Thus, factor (3) minimally supports a denial of transfer.  The remaining factors ((2), (6), (9), (10), (14), and (15)) are neutral.  Thus, on balance, the factors heavily support transfer, and so this case will be transferred to the Southern District of California.

---

[3] See Federal Court Management Statistics, Comparison Within Circuit During the 12-Month Period Ending September 30, 2020, Ninth Circuit, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf

1    Both defendants have filed motions to dismiss, and plaintiff has filed a renewed motion to

2    appoint counsel.  (ECF Nos. 10, 15, 21.)  The court expresses no opinion on the merits of these

3    motions and leaves them for the consideration of the assigned judge in the Southern District.  See

4    Fitbit, Inc. v. Koninklijke Philips N.V., 336 F.R.D. 574, 588 (N.D. Cal. 2020) (declining to reach

5    defendant's motion to dismiss after granting motion to transfer); see also Sam Kholi Enterprises,

6    Inc. v. Comsys Services LLC, 2011 WL 13257533, at *10 (S.D. Cal. October 3, 2011) ("Once the

7    case has been transferred, the parties should contact the assigned chambers in the [transferee

8    district] for further direction regarding resolution of [the] pending motions to dismiss . . . .").

9                                           **ORDER**

10       Accordingly, IT IS HEREBY ORDERED that:

11   1.    Defendant Roddy's motion to transfer this case to the Southern District of California

12         (ECF No. 13) is GRANTED;

13   2.    Pursuant to 28 U.S.C. § 1404(a), this matter is TRANSFERRED forthwith to the

14         Southern District of California; and

15   3.    The pending motions to dismiss and motion for appointment of counsel (ECF Nos. 10,

16         15, 21) are ADMINISTRATIVELY TRANSFERRED along with this case.

17   Dated:  March 4, 2021

18

19                                         _____

20   chak.1248                             KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                              7